UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| THOMAS J. FORBES, | CASE NO. 12cv210-MMA (JMA) |
|---|---|
| Plaintiff, | |
| vs. | **ORDER DENYING PLAINTIFF'S MOTION TO REGAIN POSSESSION OF REAL PROPERTY** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al., | [Doc. No. 25] |
| Defendant. | |

Plaintiff Thomas J. Forbes, proceeding *pro se*, had filed a First Amended Complaint against Defendants Federal National Mortgage Association, et al. *See* Doc. No. 4. Plaintiff alleges various causes of action arising out of events related to the foreclosure sale of real property located in Riverside County, California, and his subsequent eviction from the property. This matter is currently before the Court on Plaintiff's "Motion for Undertaken to Regain Possession of Real Property Located at 1883 Redfield Road, Riverside California 92507 Pending the Final Execution of the Default, Judgment, and Writ of Execution for Possession of Said Property." *See* Doc. No. 25. Plaintiff requests that the Court return title in the property to his name while this litigation is pending.

Plaintiff essentially seeks injunctive relief. To demonstrate entitlement to such relief, Plaintiff must show that: (1) he is likely to succeed on the merits of his claim(s); (2) he is likely to suffer irreparable harm without preliminary relief; (3) the balance of equities tips in his favor; and

1  (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20
2  (2008); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A
3  preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing
4  that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Plaintiff fails to satisfy any of
5  these elements.

6  Furthermore, according to Plaintiff, "[a]s of February 27, 2012 the property located at 1883
7  Redfield Road, Riverside California 92507 has become vacant due to a lockout of the subject
8  property performed by the Riverside County Sheriff's Department upon the Plaintiff and is vacant
9  and not inhabited by any party." *See Motion*, 3. The Court infers based on Plaintiff's representation
10 that a state court judgment was issued against Plaintiff, as well as writ of possession requiring him to
11 vacate the real property. This Court has no jurisdiction to provide appellate review of the state court
12 action, according to the *Rooker-Feldman* doctrine. *Doe v. Mann*, 415 F.3d 1038, 1041-1042 (9th
13 Cir.2005) ("Typically, the *Rooker-Feldman* doctrine bars federal courts from exercising subject
14 matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance
15 would be appellate review of the state judgment in a United States district court, based on the losing
16 party's claim that the state judgment itself violates the loser's federal rights." (internal quotation
17 marks omitted)); *Noel v. Hall*, 341 F.3d 1148, 1156, 1158, 1163-64 (9th Cir.2003) (*Rooker* prohibits
18 de facto appeals of the state court decisions in federal court and *Feldman* prohibits a federal district
19 court from considering any issue that "inextricably intertwined"); *see also Exxon Mobil Corp. v.*
20 *Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 292-293 (2005) (The *Rooker-Feldman* doctrine bars
21 "cases brought by state court losers complaining of injuries caused by state court judgments
22 rendered before the district court proceedings commenced and inviting district court review and
23 rejection of those judgments").

24  Accordingly, the Court **DENIES** Plaintiff's motion.
25  **IT IS SO ORDERED**.
26  DATED: April 25, 2012

*[signature]*

Hon. Michael M. Anello
United States District Judge