UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS J. FORBES,<br><br>                    Plaintiff,<br><br>         vs.<br><br><br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,<br><br>                    Defendant. | CASE NO. 12cv210-MMA (JMA)<br><br>**ORDER GRANTING DEFENDANT GREENPOINT MORTGAGE FUNDING, INC.'s MOTION TO DISMISS**<br><br>[Doc. No. 21] |

Plaintiff Thomas J. Forbes, proceeding *pro se*, had filed a First Amended Complaint against Defendants Greenpoint Mortgage Funding, Inc., et al. *See* Doc. No. 4. Plaintiff alleges various causes of action arising out of events related to the presumed foreclosure sale of real property. This matter is currently before the Court on Defendant Greenpoint's motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition to the motion, and Defendant replied. *See* Doc. Nos. 38, 39. For the reasons set forth below, the Court **GRANTS** the motion.

### BACKGROUND

Plaintiff's claims presumably arise out of his interest in real property. Plaintiff alleges that he "was induced into signing a mortgage Agreement, Mortgage Note, Deed of Trust, Grant Deed and Security Instrument Agreements." FAC ¶19. However, Plaintiff fails to allege the location of

1  the subject property.  Plaintiff also fails to include any information regarding the loan transaction,
2  including the date of the transaction or the lender.  Plaintiff's FAC appears to be a modified form
3  complaint, that describes in great detail a conspiracy theory involving the United States government
4  and mortgage lenders, termed the "vapor money theory."  According to Plaintiff, "[t]he said lender
5  and their agent's checks/wire transfer were not backed by or redeemable in gold and silver coins as
6  evidence in Art 1, sec. 10, of U.S. Constitution, a Constitution that makes it clear that, the
7  Constitution is the Supreme Law of the Land.  The said funds were not backed by or redeemable by
8  Federal Reserve Notes, for their full value."  FAC ¶ 21.

9  Based on this misguided theory, Plaintiff alleges causes of action for breach of contract,
10 fraud, and usury.  Plaintiff also alleges claims for wrongful foreclosure and intentional infliction of
11 emotional distress.  Plaintiff's sole allegation against Greenpoint states:

> The defendant, GREENPOlNT MORTGAGE FUNDING INC, whose address is, 981 Airway Court, #E, Santa Rosa, California, are being sued in their Official an Individual capacities for Monetary Damages and Equitable Relief in the amount of $11,200,000.00 Dollars or/and what the jury finds fair and just according to Law.

15 *FAC* ¶ 5.  Aside from identifying Greenpoint as a defendant, Plaintiff's FAC contains no other
16 factual allegations against Greenpoint.  Greenpoint is not mentioned again in the sixty-five
17 paragraph complaint.

18 **LEGAL STANDARD**

19 A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure
20 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.
21 2001).  In considering whether the complaint is sufficient to state a claim, the court must accept as
22 true all of the factual allegations contained in the complaint.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937,
23 1949, 173 L. Ed. 2d 868 (2009).  However, the court need not accept as true "allegations that
24 contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely
25 conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec.*
26 *Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual
27 allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that
28 is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

Additionally, claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Under the federal rules, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The rule favoring liberality in granting leave to amend is particularly important for *pro se* litigants. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

## DISCUSSION

Greenpoint moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that he fails to allege a single fact regarding Greenpoint's connection to this case, including whether Greenpoint was a party to any contract or agreement, made any representations to Plaintiff, undertook any effort to foreclose on the subject property, or caused Plaintiff any other harm. A review of Plaintiff's FAC demonstrates that Greenpoint is correct. Simply put, Plaintiff states no claim against Greenpoint.

Furthermore, to the extent Plaintiff attempts to generally allege his causes of action based on the "vapor money theory," his claims against Greenpoint fail. As one court recently explained, "[t]he vapor money theory has been thoroughly rejected by district courts in California as legally unsupported – even "frivolous" – and not sufficient to support claims for relief such as the ones forwarded by plaintiff." *See Lawson v. CitiCorp Trust Bank, FSB*, 2011 U.S. Dist. LEXIS 86780 (E.D. Cal. Aug. 5, 2011) (collecting cases), citing *Kuder v. Wash. Mut. Bank*, No. CIV S-08-3087

1  LKK DAD PS, 2009 U.S. Dist. LEXIS 78924, 2009 WL 2868730, at *3 & n.5 (collecting cases and
2  stating that "plaintiff's claims are premised on the so-called 'vapor money' theory which has been
3  consistently rejected by federal courts as frivolous"); *Alejo v. Mozilo*, No. CV 09-680 PSG (CTx),
4  2009 U.S. Dist. LEXIS 24686, 2009 WL 692001, at *3 ("[Plaintiff] used the loan funds to purchase
5  her home and has only come forward after default and initiation of foreclosure proceedings with her
6  theory attacking the mortgage on her 'vapor money' theory.  Courts have uniformly rejected similar
7  claims and even sanctioned *pro se* litigants for pursuing this 'frivolous' and 'improbable' theory.")
8  (citation omitted); *see also Davis v. Citibank W., FSB*, No. 10-cv-04477-LHK, 2011 U.S. Dist.
9  LEXIS 30861, 2011 WL 1086055, at *4 (unpublished) ("Plaintiffs' illusory loan theory has been
10 referred to as the 'vapor money' theory.  Such claims have been brought and rejected across the
11 United States for over 25 years.").

12 "Given the obvious deficiencies and frivolous nature" of Plaintiff's claims, the Court finds
13 leave to amend futile.  *Castillo v. Skoba*, No. 10cv1838 BTM, 2011 U.S. Dist. LEXIS 59485 (S.D.
14 Cal. May 25, 2011), citing *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Serv. Bureau*,
15 701 F.2d 1276, 1293 (9th Cir. 1983).

### CONCLUSION

17 Based on the foregoing, the Court **GRANTS** Defendant Greenpoint Mortgage Funding,
18 Inc.'s  motion and **DISMISSES** Plaintiff's claims against Greenpoint **with prejudice**.

19 **IT IS SO ORDERED**.

20 DATED: May 30, 2012

Hon. Michael M. Anello
United States District Judge