# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS J. FORBES,<br><br>                    Plaintiff,<br><br>         vs.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,<br><br>                    Defendants. | CASE NO. 12cv210-MMA (JMA)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

Plaintiff Thomas J. Forbes, proceeding *pro se*, had filed a First Amended Complaint against Defendants Federal Nation Mortgage Association, et al. *See* Doc. No. 4. Plaintiff alleges various causes of action arising out of events related to the presumed foreclosure sale of real property. Defendants Federal National Mortgage Association, Mortgage Electronic Registration System, Inc., ReconTrust Company, N.A., Countrywide Home Loans, Inc., Bank of America, N.A., and Landsafe Title Corporation (collectively "Defendants") have filed a motion to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). Plaintiff did not file an opposition to Defendants' motion. Defendants filed a notice of non-opposition asking the Court to exercise its discretion pursuant to Civil Local Rule 7.1.(f)(c)(3) and grant the pending motion to dismiss based on Plaintiff's failure to file a timely opposition. *See* Doc. No. 39. Plaintiff subsequently filed an *ex parte* request to dismiss the entire case against all defendants without prejudice. *See* Doc. No. 43. According to Plaintiff, he is "no longer able to effectively prosecute this matter." *Plaintiff's Decl'n* ¶ 2.

1  The Ninth Circuit has held that a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to oppose the motion. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Civil Local Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court." However, the Court finds that ruling on Defendants' motion and dismissing this action pursuant to Local Civil Rule 7.1(f)(3)(c) would not be appropriate in light of Plaintiff's request for voluntary dismissal of his entire case. Because Federal Rule of Civil Procedure 41(a)(1) "confers upon a plaintiff an absolute right to voluntarily dismiss the complaint before the defendant files an answer or summary judgment motion," Plaintiff may dismiss his action against the moving Defendants unilaterally pursuant to Rule 41(a)(1)(A)(I). *Swedberg v. Marotzke*, 339 F.3d 1139, 1145 (9th Cir. 2003) ("Rule 41(a)(1) specifically allows a plaintiff to dismiss a complaint without prejudice in the face of a 12(b)(6) motion."). Accordingly, the Court construes Plaintiff's request for dismissal as a notice of dismissal pursuant to Rule 41(a)(1)(A)(I) and **DISMISSES** the remainder of this action without prejudice. The Clerk of Court is instructed to terminate all pending motions and close the case.

**IT IS SO ORDERED**.

DATED: June 18, 2012

Hon. Michael M. Anello
United States District Judge