1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11

THOMAS J. FORBES,

CASE NO. 12cv210-MMA (JMA)

Plaintiff,

12

vs.

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

13

FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al.,

14
15

Defendants.

16    Plaintiff Thomas J. Forbes, proceeding *pro se*, had filed a First Amended Complaint against

17  Defendants Federal Nation Mortgage Association, et al.  *See* Doc. No. 4.  Plaintiff alleges various

18  causes of action arising out of events related to the presumed foreclosure sale of real property.

19  Defendants Federal National Mortgage Association, Mortgage Electronic Registration System, Inc.,

20  ReconTrust Company, N.A., Countrywide Home Loans, Inc., Bank of America, N.A., and Landsafe

21  Title Corporation (collectively "Defendants") have filed a motion to dismiss Plaintiff's claims

22  pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6).  Plaintiff did not file an opposition to

23  Defendants' motion.  Defendants filed a notice of non-opposition asking the Court to exercise its

24  discretion pursuant to Civil Local Rule 7.1.(f)(c)(3) and grant the pending motion to dismiss based

25  on Plaintiff's failure to file a timely opposition.  *See* Doc. No. 39.  Plaintiff subsequently filed an *ex*

26  *parte* request to dismiss the entire case against all defendants without prejudice.  *See* Doc. No. 43.

27  According to Plaintiff, he is "no longer able to effectively prosecute this matter."  *Plaintiff's Decl'n*

28  ¶ 2.

1    The Ninth Circuit has held that a district court may properly grant an unopposed motion to

2 dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a

3 motion for failure to oppose the motion.  *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.

4 1995).  Civil Local Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the

5 manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that

6 motion or other ruling by the court."  However, the Court finds that ruling on Defendants' motion

7 and dismissing this action pursuant to Local Civil Rule 7.1(f)(3)(c) would not be appropriate in light

8 of Plaintiff's request for voluntary dismissal of his entire case.  Because Federal Rule of Civil

9 Procedure 41(a)(1) "confers upon a plaintiff an absolute right to voluntarily dismiss the complaint

10 before the defendant files an answer or summary judgment motion," Plaintiff may dismiss his action

11 against the moving Defendants unilaterally pursuant to Rule 41(a)(1)(A)(I).  *Swedberg v. Marotzke*,

12 339 F.3d 1139, 1145 (9th Cir. 2003) ("Rule 41(a)(1) specifically allows a plaintiff to dismiss a

13 complaint without prejudice in the face of a 12(b)(6) motion.").  Accordingly, the Court construes

14 Plaintiff's request for dismissal as a notice of dismissal pursuant to Rule 41(a)(1)(A)(I) and

15 **DISMISSES** the remainder of this action without prejudice.  The Clerk of Court is instructed to

16 terminate all pending motions and close the case.

17    **IT IS SO ORDERED**.

18 DATED:  June 18, 2012

19

20                                                    Hon. Michael M. Anello
                                                     United States District Judge

21

22

23

24

25

26

27

28

12cv210